IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYLER COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-484-MHT-SMD |
| ) | (WO) |
| HOUSTON COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding pro se, filed this action on August 7, 2024, while incarcerated at the Houston County Jail. On August 7 and 14, 2024, the court entered orders (Docs. 1, 3), copies of which the Clerk mailed to Plaintiff. The postal service returned these documents as undeliverable on August 19 and 29, 2024, respectively.

On September 3, 2024, the court entered an order (Doc. 5) advising Plaintiff that this case cannot proceed if his whereabouts remain unknown and directing him to file by September 13, 2024, a current address or else show cause why this case should not be dismissed for his failure to prosecute the action. The court cautioned Plaintiff that if he failed to respond to the order of September 3, 2024, the Magistrate Judge would recommend that this case be dismissed. *Id.* at 1.

As of this date, Plaintiff has not responded to the court's order of September 3, 2024.[1] The court therefore concludes that this case should be dismissed. The court has

---

[1] The postal service returned the order as undeliverable on September 19, 2024. Doc. 6.

reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal is proper. First, the administration of this case cannot proceed in Plaintiff's absence. Next, it appears Plaintiff is not interested in the prosecution of this case, as he has failed to respond to or comply with the court's orders. Finally, the court finds that any added effort to secure Plaintiff's compliance would be unavailing and a waste of the court's scarce judicial resources.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the court's orders and failure to prosecute this action.

It is ORDERED that any objections to this Recommendation must be filed no later than **October 8th, 2024**. An objecting party must identify the specific portions of factual findings or legal conclusions to which the objection is made, and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will review de novo the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. See 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent that it is based on unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this 24th day of September 2024.

/s/ Stephen Michael Doyle
**STEPHEN MICHAEL DOYLE**
**CHIEF U.S. MAGISTRATE JUDGE**